IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YASSHA JASON,
        Plaintiff,

v.                                                  Civil Action No. 3:22-cv-35

VERNON L. BESLOW, III, et al.,
        Defendants.

## OPINION

Yassha Jason lost custody of her daughter in Virginia state court proceedings. The state court awarded custody to her daughter's father, Vernon L. Beslow, III. Jason now sues Beslow and various state court judges—the Honorable Joseph J. Ellis, the Honorable Ricardo Rigual, the Honorable Georgia K. Sutton, and the Honorable Valerie Jean Mayo ("the judicial defendants"). Jason alleges that through the state court custody proceedings, the defendants violated her constitutional rights and committed a litany of offenses, including "perjury, forgery, . . . obstruction of justice, . . . [and] tortious interference of a contract." (ECF No. 10, at 2.) As a remedy, she seeks damages.

The defendants now move to dismiss Jason's amended complaint. (ECF Nos. 13, 15.)[1] The Court will grant the defendants' motions and dismiss Jason's amended complaint with prejudice because this Court lacks jurisdiction over this case due to the *Rooker-Feldman* doctrine. But even if the Court had jurisdiction to hear Jason's claims, the Court would dismiss her complaint because immunity protects the judicial defendants from her suit, and because she fails to state a claim against Beslow.

---

[1] The defendants' motions to dismiss include the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam). (ECF Nos. 13, 15.)

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT

At some point before 2020, Jason and Beslow began fighting over custody of their daughter. Courts in both New York, where Jason lives, and Virginia, where Beslow lives, heard the dispute. In 2020, the fight landed in Spotsylvania County Juvenile and Domestic Relations District Court.

On March 11, 2020, Judge Sutton entered an order awarding custody to Beslow, despite Jason's absence from the hearing due to COVID-19. According to Jason, Judge Sutton "used falsified documents, false charges dismissed by same court, and hearsay to determine that Ms. Jason the mother was unfit." (ECF No. 10, at 7.) Although Jason says she had no representation at the March 11 hearing, Judge Sutton's order indicates that Jason's attorney was present at the hearing and objected on her behalf. (ECF No. 16-1.)[2]

Jason appealed Judge Sutton's order to the Circuit Court of Spotsylvania County. Judge Ellis heard Jason's appeal and ruled from the bench on May 3, 2021, ordering reunification counseling and providing supervised visitation rights to Jason. Jason says that during this hearing, Judge Ellis "ignored actual evidence and video evidence." (ECF No. 10, at 12.) On June 7, 2021, Judge Ellis memorialized his ruling in a written order.

In July 2021, Jason provided a letter, evidence, and a motion to amend to Judge Rigual, another Circuit Court judge in Spotsylvania County. Jason accuses Judge Ellis of "intercept[ing]" the motion and denying it without a hearing. (*Id.* at 13.)

---

[2] In ruling on these motions, the Court considers Exhibits A and C, attached to the judicial defendants' memorandum in support of their motion to dismiss. (ECF Nos. 16-1,16-3.) These state court orders are integral to Jason's complaint, and Jason does not dispute their authenticity. *See Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) ("[A] court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009))).

In August 2021, Judge Ellis, without a hearing, denied Jason's motions to amend his June 7 order and to reopen the proceedings.

Finally, in July 2021, Judge Mayo declined to modify the child support orders or to transfer the case to New York. During this hearing, Jason says that Judge Mayo considered fraudulent evidence from Beslow and discouraged Jason from speaking on her own behalf.

## II. LEGAL STANDARDS

A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A Rule 12(b)(6) motion gauges a complaint's sufficiency without resolving any factual discrepancies or testing a claim's merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Jason does here, courts do not expect her to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *See Beaudett v. City of Hampton*, 775

F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts need not discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. ANALYSIS

#### A. Rooker-Feldman *Doctrine*

The *Rooker-Feldman* doctrine provides one ground for dismissing Jason's complaint. The *Rooker-Feldman* doctrine bars a federal court from having jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The doctrine prohibits the United States District Courts . . . from 'sit[ting] in direct review of state court decisions.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (alteration in original) (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1993)). "The doctrine extends not only to constitutional claims presented or adjudicated by the state courts but also to claims that are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Feldman*, 460 U.S. at 486–87).

Here, Jason challenges the state court judgments that resulted in her losing custody of her daughter to Beslow. Specifically, Jason challenges Judge Sutton's March 11 order, Judge Ellis's denial of Jason's appeal, and Judge Mayo's July 2021 decision declining to adjust the child support orders. Jason also challenges Judge Rigual allowing Judge Ellis to intercept and deny her motion to amend. According to Jason, both the result of the state court proceedings and the proceedings themselves were unfair. Because "district courts lack power to reverse or modify a state court decree, to scrutinize or invalidate an individual state court judgment, or to overturn an injurious

4

state court judgment," the Court lacks jurisdiction over Jason's complaint. *Field Auto City v. Gen. Motors Corp.*, 476 F. Supp. 2d 545, 552 (E.D. Va. 2007) (cleaned up) (quoting *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006)).

### *B. Immunity – Judicial Defendants*

Even if the Court had jurisdiction to hear Jason's claims, the judicial defendants are immune from her suit due to their positions as judges. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Rather, a plaintiff may overcome judicial immunity only (1) if the judge's alleged conduct falls outside her "judicial capacity" or (2) if the judge acted "in the complete absence of all jurisdiction." *Id.* at 11–12. Jason's allegations against the judicial defendants fall squarely within their capacities as judges, and nothing in the amended complaint suggests that any of the judicial defendants acted without jurisdiction. Thus, the Court finds judicial immunity protects the judicial defendants from Jason's claims.

### *C. Failure to State a Claim – Beslow*

Even if the Court had jurisdiction over Jason's amended complaint, the Court would dismiss her claims against Beslow for failing to state a claim.

First, Jason alleges violations of various federal criminal laws. *See, e.g.,* 18 U.S.C. §§ 241, 242; 42 U.S.C. § 3631. Because these laws do not provide a private right of action, the Court will dismiss these claims. *See Shallow v. Fed. Bureau of Investigation*, No. 1:19cv229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019) ("Courts have consistently held that 18 U.S.C. §§ 241, 242 . . . are criminal statutes that do not create a private right of action."); *Doe v. Broderick*, 225

5

F.3d 440, 447–48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975))).

Next, Jason asserts the following: "intrinsic and extrinsic fraud, fraud on the court, perjury, forgery, racial bias, racial profiling, falsified unverified state agency reports, falsified medical records, obstruction of justice, conspiracy, larceny, tortious interference of a contract, intent to harm, [and] malfeasance." (ECF No. 10, at 2 (cleaned up).) Some of these allegations—larceny and obstruction of justice, for instance—are criminal violations that private litigants cannot pursue in a lawsuit. Other allegations—like intent to harm—are not causes of action at all. Of the allegations that Jason can properly pursue through a civil suit, such as fraud and tortious interference of a contract, she fails to allege any facts in support of these allegations. Indeed, she offers "nothing more than bare assertions" in support of these claims. *Day v. Walker*, No. 3:21cv406, 2022 WL 363585, at *5 (E.D. Va. Feb. 7, 2022).

Finally, Jason claims that Beslow violated various constitutional rights and seeks to hold him accountable through 42 U.S.C. §§ 1983, 1985. Section 1983 creates a cause of action for certain conduct "fairly attributable to the State." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id.* "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Here,

Jason accuses Beslow of doing nothing more than participating in and advocating for his own position in state court custody proceedings. These allegations do not permit the Court to attribute Beslow's actions to the State. Thus, Jason fails to state a claim against Beslow under § 1983.

Jason's § 1985 claim against Beslow also fails. To state a claim for conspiracy to interfere with civil rights under § 1985, a plaintiff must allege

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) [sic] and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Rice v. Scholastic Book Fairs, Inc.*, No. 1:20cv1293, 2022 WL 126528, at *6 (E.D. Va. Jan. 12, 2022) (alteration in original) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). "[T]o prove a section 1985 conspiracy, a claimant must show an agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." *Id.* (quotation marks omitted) (quoting *Simmons*, 47 F.3d at 1377). Because Jason alleges "the purported conspiracy . . . in a merely conclusory manner, [without] concrete supporting facts," *id.* (quoting *Simmons*, 47 F.3d at 1377), Jason fails to satisfy "the exceptionally high pleading standard of 42 U.S.C. § 1985," *id.* at *7.

## IV. CONCLUSION

The Court, therefore, will grant the defendants' motions to dismiss, (ECF Nos. 13, 15), and dismiss with prejudice Jason's amended complaint because the Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. But even if the Court had jurisdiction over Jason's complaint, the Court would dismiss her claims because of judicial immunity and because she fails to state a claim against Beslow.

Although the Court recognizes Jason's pro se status, the Court will not allow her an opportunity to amend her complaint because, for all the reasons explained above, any such

7

amendment would be futile.  "Allowing [Jason] to file an [a]mended [c]omplaint where [s]he so clearly cannot state a claim would be wasteful and unduly burdensome on the [d]efendants." *Shurland v. Edwards*, No. 3:19cv92, 2019 WL 3646768, at *8 (E.D. Va. Aug. 6, 2019).

Should Jason wish to appeal this Opinion, she must file a written notice of appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within thirty days of the date of entry hereof.  Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff.

Date: 23 July 2022
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

Digitally signed by John Gibney
Date: 2022.07.23 11:58:55 -04'00'

8